IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

United States of America,

    Plaintiff,

  vs.                                                Case #2:24CR00112(002)

Christopher Nelson,                     Judge Sarah Morrison

    Defendant.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
FOR DOWNWARD VARIANCE IN SENTENCING**

Now comes the Defendant, Christopher Nelson, by and through undersigned counsel, and respectfully submits this Memorandum in Support of his request for downward variance under 18 U.S.C. §3553(a). Mr. Nelson asks this Court to reduce his criminal history category from Category V to Category III, and to impose a sentence between 96 to 120 months.

**CRIMINAL HISTORY CATEGORY OVERSTATES REALITY**:

The PreSentence Investigation Report (PSI) puts Mr. Nelson in Criminal History Category V, with a guideline sentence of 168 to 210 months. This harsh result comes from scoring three older convictions as if they were totally unrelated, even though all the sentences were imposed together. The charges in PSI paragraphs 49, 50, and 51 led to concurrent sentences imposed at the same hearing, and while there were technically intervening arrests, these did not mark new beginnings, they were all part of the same chaotic period. Treating these offenses as separate over-penalizes him and misses the reality that Mr. Nelson was not jumping from one crime spree to the next, but was a young man struggling with addiction and depression during a single, long stretch of bad choices, all while under court supervision.

-1-

Mr. Nelson is not a career criminal, just someone caught in a cycle the system failed to break. Mechanical guideline scoring ignores these facts. The Sixth Circuit recognizes the Court's discretion to avoid unfair "double counting" in such cases, as seen in <u>U.S. v. Robertson</u>, 309 F. App'x 918 (6th Cir., 2009) (requiring courts to address non-frivolous double-counting arguments); <u>U.S. v. Ferguson</u>, 518 F. App'x 458 (6th Cir., 2013) (reversing when the court failed to consider the overstatement of criminal history); and <u>U.S. v. Smith</u>, 307 F. App'x 966 (6th Cir., 2009). As the Sixth Circuit explained in <u>U.S. v. Carter</u>, 283 F.3d 755 (6th Cir., 2002), charging and sentencing quirks can create wildly different outcomes for people with similar records, which is exactly what has happened here.

**MITIGATION: STORY OF ORIGINS AND EFFECT**:

Mr. Nelson's life story is not just sad; it is stacked against him from day one. Both parents struggled with hard addiction. Domestic violence filled the home. All four brothers ended up behind bars. Half-siblings were sent into foster care. He had no steady hand to guide him, no safety net to catch him. By 13, he was already using drugs. By his twenties, depression and substance abuse took over his life.

This is not offered as an excuse. But it matters because it is the story behind how Mr. Nelson got here, and it is exactly the kind of history Congress and the Sentencing Commission meant court to consider under §3553(a). Mr. Nelson's "criminal history" is the result of untreated trauma, not a lifelong intent to break the law.

**SERIOUSNESS OF THE OFFENSE, ACCOUNTABILITY, AND THE DISADVANTAGE OF OVER-INCARCERATION**:

There is no minimizing the fact that trafficking nearly four kilograms of fentanyl is a grave crime. This is a dangerous quantity of a deadly substance, and it poses a

serious threat to the safety and well-being of the community.  Mr. Nelson fully understands the harm his actions have caused.  He does not deny responsibility.  He stands before the Court ready to accept the consequences for his conduct, knowing full well the seriousness of the offense and the devastating impact that fentanyl has had on families and neighborhoods across this district.

At the same time, accountability must be meaningful and proportional.  It is not justice to impose a sentence so lengthy that it transforms a young man who made a series of bad decisions into someone who is institutionalized, disconnected, and unable to function upon release.  Mr. Nelson is 30 years old.  A sentence at the high end of the guidelines would keep him locked up until his late 40s, stripping away the years when most people build careers, families, and community ties.  Research from the U. S. Sentencing Commission ("Recidivism and the Age of Federal Offenders," May 2017; "Recidivism Among Federal Offenders: A Comprehensive Overview," March 2016) and similar studies make it clear: long sentences beyond the necessary period do not reduce recidivism.  In fact, for people in their thirties, prolonged incarceration can make reintegration more difficult, not less, as individuals lose the social and practical skills needed to live productively in free society.

Mr. Nelson's time in confinement, free from drugs and chaos, has given him a chance to reflect and develop a positive, forward-looking mindset.  He has shown a willingness and ability to take responsibility, engage in treatment, and pursue educational and vocational programs that will be available through the Bureau of Prisons.  The Sentencing Commission's own data show that offenders who, like Mr. Nelson, are over 30 and have made use of rehabilitation and skills programs, are among the least likely to re-offend.

If the Court sentences Mr. Nelson to 8 to 10 years, he will be released in his late thirties or just turning 40, still young enough to rejoin the workforce, reconnect with family, and make a real difference.  This is the age group with the lowest recidivism rates, and all evidence suggests that Mr. Nelson is ready to take advantage of the opportunity to build a law-abiding future.

A sentence in the range of 8 to 10 years is more than sufficient to hold Mr. Nelson accountable, punish his conduct, and send a strong warning to others.  At the same time, it preserves his chance to return to society as a contributing member, rather than someone forever marked and disabled by institutionalization.  This approach satisfies the goals of punishment, deterrence, and public safety while also allowing for hope, rehabilitation, and a realistic path to a better life.

**SPECIFIC SENTENCE RECOMMENDATION**:

The guidelines call for 168 to 210 months, 14 to 17.5 years.  For a 30 year old, that would mean losing the rest of his thirties and most of his forties, and potentially his chance to start over.  That is not necessary for deterrence or protection of the public, given his role, his addition, and his genuine efforts to change.

**A sentence of 96 to 120 months would be more than sufficient to serve the purposes of §3553(a)**:

1. It punishes serious conduct and respects the law;

2. It acknowledges community harm;

3. It allows for deterrence but recognizes Mr. Nelson's personal growth and lower risk as he ages;

4. It avoids unwarranted disparity created by the quirks of how his earlier convictions were scored; and

5. It lets him return to society while he still has the ability to contribute positively.

**CONCLUSION**:

While the guideline calculations are technically correct, they overstate Mr. Nelson's true criminal record and risk. The law gives this Court the discretion to make sure sentencing fits the person, not just the offense. It is respectfully submitted that the Court reduce his criminal history category to Category III and sentence him to 96 to 120 months. This is a fair and just result for this man, this case, and this community.

        Respectfully submitted,

        /s/Terry K. Sherman, #0002417
        Attorney for Defendant
        52 West Whittier Street
        Columbus, OH 43206
        Phone: 614/444-8800
        Email:  tkshermanlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of August, 2025, I electronically filed the following with the Clerk of the Court, using the CM/ECF System, which will send notification of such filing to the following: Jennifer Rausch, Assistant U. S. Attorney; and I hereby certify that I have mailed by United States Postal Service the document to the following non-DCM/ECF participants:  n/a .

        /s/Terry K. Sherman, #0002417
        Attorney for Defendant
        Email:  tkshermanlaw@gmail.com